UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DUNCAN BRUCE-ROSS,

                Petitioner,

    -against-

WARDEN EWALD,

                Respondent.
-----------------------------------------------------------X

OPINION & ORDER
16-CV-1767(JFB)

JOSEPH F. BIANCO, District Judge:

On April 12, 2016, petitioner Duncan Bruce-Ross ("petitioner"), appearing *pro se*, filed a petition seeking writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 together with an application to proceed *in forma pauperis* and an application for the appointment of *pro bono* counsel to represent him in this case.[1] Upon review of petitioner's declaration in support of the application to proceed *in forma pauperis*, the Court finds that petitioner is qualified by his financial status to commence this action without prepayment of the filing fees. Accordingly, petitioner's application to proceed *in forma pauperis* is granted.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial review of this petition and, for the reasons set forth below, has determined that because the petition seeks to challenge his recent conviction for "willful violation of Order of Support" in the Suffolk County Family Court, under Family Court docket number F-16549-09, it is unexhausted. Accordingly, the petition is *sua sponte* dismissed without prejudice. Given the dismissal of the petition, the application for the appointment of *pro bono* counsel to represent petitioner in this case is denied as it is now moot.

---

[1] The Court notes that petitioner's submissions are signed only by "Danielle Ali" who petitioner claims "is my Power of Attorney and is signing on my behalf...." (Pet. at 39). Given the dismissal of the petition without prejudice, the Court need not address whether these documents are properly signed in accordance with the Federal Rules of Civil Procedure.

## BACKGROUND

Petitioner challenges his custody arising from his December 10, 2015 conviction and sentence to a six-month term of incarceration by the Suffolk County Family Court. *See* Pet. ¶¶ 1-3, *see also* "Ex. A" at 43. Petitioner alleges that he has not appealed from the judgment of conviction. Pet. ¶¶ 8, 9(g)-(h). Nor does plaintiff allege that he has "filed any other petitions, applications, or motions concerning this judgment of conviction in any state court." *Id.* at ¶ 10.

## DISCUSSION

"A federal court only has jurisdiction to hear a petition filed pursuant to title 28 U.S.C. section 2254 where the petitioner is 'in custody pursuant to the judgment of a State court.'" *Henry v. Davis*, No. 10-CV-5172, 2011 WL 319935, at *1 (E.D.N.Y. Jan. 26, 2011) (quoting 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States")). Furthermore, a district court may not grant the writ "unless the petitioner has first exhausted the remedies available in the state court or shows that 'there is an absence of available state corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Henry*, 2011 WL 319935, at *1 (quoting 28 U.S.C. §§ 2254(b)(1)(A), 2254(b)(1)(B)(i)-(ii)). A federal claim is properly exhausted where it has been presented to the highest state court. *Id.* (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Daye v. Attorney Gen. of New York*, 696 F.2d 186, 190-91 (2d Cir. 1982)).

In the instant matter, because petitioner alleges that he has not appealed his constitutional claims at all, he has not appealed to the highest state court having jurisdiction. Given that

petitioner has not yet exhausted his state court remedies, which is required prior to the filing of a petition under § 2254, the petition is dismissed without prejudice. *See* 28 U.S.C. § 2254; *Henry*, 2011 WL 319935, at *2 (citing *Haynes v. Fiorella*, No. 10-CV-0843, 2010 WL 4365832, at *1 (W.D.N.Y. Nov. 3, 2010) (dismissing without prejudice petitioner's § 2254 petition where there was no indication that petitioner had exhausted her state court remedies); *Lynch v. DeMarco*, 11-CV-4708, 2011 WL 6097737, at *2 (E.D.N.Y. Dec. 1, 2011) (*sua sponte* dismissing unexhausted § 2254 petition) (citations omitted); *see also* Rule 4 of the Rules Governing Section 2254 Habeas Corpus Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

## CONCLUSION

For the reasons set forth above, the application to proceed *in forma pauperis* is granted but the petition for a writ of habeas corpus is dismissed without prejudice as it is unexhausted. Petitioner's application for the appointment of *pro bono* counsel to represent him in this case is denied as it is now moot. A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: May 3, 2016
Central Islip, New York

Joseph F. Bianco
United States District Judge

3